# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FLORIDA DEMOCRATIC PARTY,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD SCOTT, in his official capacity as Governor of the State of Florida, and KEN DETZNER, in his official capacity as Secretary of State of the State of Florida,<br><br>Defendants. | CASE NO. 4:16-cv-626<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |

      This matter having come before the Court on Plaintiff Florida Democratic Party's Emergency Motion for Temporary Restraining Order and Order to Show Cause against Defendants Richard Scott, in his official capacity as Governor of the State of Florida, and Ken Detzner, in his official capacity as Secretary of State of the State of Florida, the Court having considered the Complaint, the Motion and supporting Memorandum of Law, and the declarations and documents filed in support of the Motion, and upon notice to Defendants,

      IT IS ORDERED that the Motion is GRANTED as follows:

1

## I.   FINDINGS OF FACT

1. Florida does not permit residents to register to vote online. Rather, Florida residents must complete a paper Florida Voter Registration Application and deliver it, either in person or by mail, to the office of the County Supervisor of Elections, the Florida Division of Elections, or a third-party voter registration agency.

2. Tuesday, October 11 is the voter registration deadline for the upcoming general election on November 8, 2016. Sunday, October 9, 2016, is the deadline for the submission of early voting plans.

3. Hurricane Matthew hit Florida on the afternoon of Thursday, October 6, 2016. A state of emergency was declared in more than two dozen Florida counties, and 1.5 million residents were evacuated. By Friday evening, the storm had destroyed roads and bridges, killed at least four people, and left 1 million residents without power and more than 20,000 Floridians in shelters.

4. On Thursday, October 6, Defendant Scott was asked to extend the voter registration deadline from Tuesday, October 11 to Friday, October 14. He refused to make any changes to the deadline.

5. Attempts by Floridians to register to vote in the aftermath of Hurricane Matthew will be difficult, if not impossible, given the power outages, flooding, and closure of roads, bridges, government agencies, and post offices.

6. In 2012, roughly 181,000 Floridians registered to vote in the nine days in October prior to the registration deadline. It is accordingly reasonable to conclude that Defendants' refusal to extend the voter registration deadline will

prevent tens of thousands of would-be voters from registering to vote, thereby preventing them from voting in the upcoming general election.

7. The areas in Florida affected by Hurricane Matthew include substantial populations of minority voters, including African Americans and Latinos. Accordingly, minority voters will be disproportionately affected by Defendants' refusal to extend the voter registration deadline.

## II.   CONCLUSIONS OF LAW

1. Defendants' failure to extend the voter registration deadline is likely unlawful as (a) an undue burden on the right to vote, in violation of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment; (b) disparate treatment in violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983; and/or (c) a violation of Section 2 of the Voting Rights Act.

2. Plaintiff will suffer irreparable harm if the temporary restraining order is not issued because Floridians, including Plaintiff's members and constituents, will be prevented from registering to vote as a result of Hurricane Matthew and Defendants' refusal to extend the registration deadline, and there will be no way to cure that disenfranchisement.

3. The threatened injury to Plaintiff outweighs the possible harm that the temporary restraining order may cause Defendants, because if the deadline is extended, Defendants will experience only minor administrative inconvenience, whereas if the deadline is not extended, thousands of voters (and potentially tens of thousands of voters) will be disenfranchised in an important general election.

4. A temporary restraining order would not disserve the public interest because the public has a paramount interest in elections where every eligible vote counts and the affected voters are those whose lives have already been interrupted by Hurricane Matthew.

### III.  TEMPORARY RESTRAINING ORDER

Now, therefore, it is hereby ORDERED as follows:

1. Pursuant to Civil Rule 65, Defendants and persons acting in concert with Defendants, are hereby RESTRAINED and ENJOINED, until such date upon which Plaintiff's application for a preliminary injunction may be heard, from any of the following acts:

   (a) From closing voter registration, or refusing to accept otherwise proper voter registration forms, in Florida prior to the close of business, October 18, 2016; and

   (b) From preventing counties, prior to the close of business, October 16, 2016, from submitting early voting plans or revised early voting plans.

2. Pursuant to Civil Rule 65(c), the Court finds that a bond is unnecessary and would not be in the public interest to require under the circumstances of this litigation.

3. Defendants shall appear before this Court on October __, 2016, at _____ a.m./p.m., before the Honorable Judge _____, and at such time show cause why a preliminary injunction should not issue as requested by Plaintiff.

ENTERED this \_\_\_\_\_ day of October, 2016.

                                                                  <u>UNITED STATES DISTRICT COURT JUDGE</u>

Presented by:

*/s/ Mark Herron*
Mark Herron
Fl. Bar. No. 199737
mherron@lawfla.com
Robert J. Telfer III
rtelfer@lawfla.com
**MESSER CAPARELLO**
2618 Centennial Place
Tallahassee, FL 32308
Telephone: (850) 222-0720
Facsimile: (850) 558-0659

and

Marc E. Elias
D.C. Bar No. 44207
(Admitted *Pro Hac Vice*)
MElias@perkinscoie.com
Kevin J. Hamilton
Wash. Bar No. 15648
(*Pro Hac Vice* Application Pending)
KHamilton@perkinscoie.com
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following parties via electronic mail; Adam S. Tanenbaum, General Counsel for The Secretary of State, adam.tanenbaum@dos.myflorida.com, William Spicola, General Counsel for Governor, Rick Scott, william.spicola@eog.myflorida.com

                                            /s/
                                        **Mark Herron**